UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

GUCCI AMERICA, INC., a
New York corporation

    Plaintiff,

vs.

EVERGREEN GROUP USA, INC., an
inactive Florida corporation,
WALGATE FOOTWEAR, INC., a Florida corporation
and HAIJIAN MA a/k/a MARK MA
        Defendants.
_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff, Gucci America, Inc., a New York corporation ("Gucci") hereby sues Defendants Evergreen Group USA, Inc., an inactive Florida corporation ("Evergreen") and Walgate Footwear, Inc., a Florida corporation ("Walgate") and Haijian Ma a/k/a Mark Ma, an individual ("Ma") (collectively, the "Defendants") and alleges as follows:

## JURISDICTION AND VENUE

1.    This is an action for federal trademark counterfeiting and infringement, false designation of origin, common law trademark infringement and common law unfair competition pursuant to 15 U.S.C. §§ 1114, 1116, and 1125(a) and (d). Accordingly, this Court has jurisdiction under 28 U.S.C. §§ 1331, 1332 and 1338. The Defendants are subject to personal jurisdiction in this District, because they reside and conduct business within this district. Venue is proper in this Court pursuant 28 U.S.C. § 1391 since the Defendants conduct business in this District.

## THE PARTIES

2. Gucci is a corporation duly organized under the laws of the State of New York with its principal place of business in the United States located at 685 Fifth Avenue, New York, New York 10022. Gucci is, in part, engaged in the business of distributing throughout the world, including within this district, shoes, and other products under Federally registered trademarks.

3. Defendant Evergreen is, upon information and belief, an inactive corporation previously organized under the laws of the State of Florida, with its principal place of business located within this District at 300 N.W. 26 Street, Miami, Florida 33127. Defendant Walgate is, upon information and belief, a organized under the laws of the State of Florida with its principal places of business located within this District at 18681 S.W. 41 Street, Miramar, Florida 33029 and 5535 N.W. 161 Street, Miami Gardens, Florida 33014. Defendant Ma is an individual who, upon information and belief resides within the District at 18681 S.W. 41 Street, Miramar, Florida 33029, and who, upon information and belief is personally involved in the sale of infringing goods as alleged herein by Defendants Evergreen and Walgate. Furthermore, upon information and belief, Defendant Walgate is a successor in interest to Defendant Evergreen.

4. Upon information and belief, the Defendants are, jointly and individually, directly engaging in the sale of counterfeit and infringing products within this District as alleged herein.

## COMMON FACTUAL ALLEGATIONS

5. Gucci is the owner of all rights in and to the following trademarks registered on the Principal Register of the United States Patenet and Trademark Office:

| Trademark | Registration Number | Registration Date | Class(es)/Goods |
|---|---|---|---|
| (green-red-green stripe design) | 1,483,526 | April 5, 1988 | IC 025 – footwear |

| Mark | Registration No. | Registration Date | Class/Goods |
|---|---|---|---|
| GG | 1,106,722 | November 21, 1978 | IC 025 – neckties, scarves, belts, footwear, shirts, sweaters, coats, suits, and bathing suits. |
| GG GG GG GG GG | 3,072,547 | March 28, 2006 | IC 025 – neckties, scarves, belts, footwear and gloves. |

(the "Gucci Marks"). The Gucci Marks are registered in International Class 25 and used in connection with the manufacture and distribution of footwear.

6.   The Gucci Marks have been used in interstate commerce to identify and distinguish Gucci's high quality shoes, and other goods for an extended period of time.

7.   The Gucci Marks have never been assigned or licensed to the Defendants in this matter.

8.   The Gucci Marks are symbols of Gucci's quality, reputation and goodwill and have never been abandoned.

9.   Further, Gucci has expended substantial time, money and other resources developing, advertising and otherwise promoting the Gucci Marks. The Gucci Marks qualify as famous marks as that term is used in 15 U.S.C. §1125(c)(1).

10.  Gucci has extensively used, advertised and promoted the Gucci Marks in the United States in association with the sale of shoes, and other goods and has carefully monitored and policed the use of the Gucci Marks.

11.  As a result of Gucci's efforts, members of the consuming public readily identify merchandise bearing the Gucci Marks, as being high quality merchandise manufactured for and sold by Gucci.

12.  Accordingly, the Gucci Marks have achieved secondary meaning as identifiers of high quality shoes, and other goods.

3

13. Upon information and belief, at all times relevant hereto, the Defendants in this action had full knowledge of Gucci's ownership of the Gucci Marks, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

14. Gucci has discovered that the Defendants are promoting and otherwise advertising, distributing, selling and/or offering for sale counterfeit products, including, at a minimum, shoes, bearing trademarks which are exact copies of the Gucci Marks (the "Counterfeit Goods"). Specifically, upon information and belief, the Defendants are using the Gucci Marks for different quality goods.

15. Upon information and belief, the Defendants' Counterfeit Goods are of a quality substantially different than that of Gucci's genuine goods. Despite the nature of their Counterfeit Goods and the knowledge they are without authority to do so, the Defendants, upon information and belief, have used, promoted and otherwise advertised, distributed, sold and/or offered for sale their Counterfeit Goods with the knowledge that such goods will be mistaken for the genuine high quality products offered for sale by Gucci. The net effect of the Defendants' actions is to confuse consumers who will believe the Defendants' Counterfeit Goods are genuine goods originating from, associated with and approved or endorsed by Gucci.

16. The Defendants advertise their goods for sale to the consuming public. In so advertising their products, the Defendants use counterfeits of the Gucci Marks. Indeed, the Defendants herein misappropriated Gucci's advertising ideas and entire style of doing business with regard to the advertisement and sale of Gucci's genuine products bearing the Gucci Marks. Upon information and belief, the misappropriation of Gucci's advertising ideas in the form of the Gucci Marks has occurred, in part, in the course of Defendants' advertising activities and has been a proximate cause of damage to Gucci.

17. Upon information and belief, the Defendants are conducting their counterfeiting and infringing activities at least within this District and elsewhere throughout the United States. As a result, the Defendants are defrauding Gucci and the consuming public for the Defendants' own benefit.

18. Defendants' infringement and disparagement of Gucci does not simply amount to the wrong description of their goods or the failure of the goods to conform to the advertised quality or performance.

19. The Defendants' use of the Gucci Marks, including the promotion and advertisment, reproduction, distribution, sale and offering for sale of their Counterfeit Goods, is without Gucci's consent or authorization.

20. Further, the Defendants are engaging in the above-described illegal counterfeiting and infringing activities knowing and intentionally or with reckless disregard or willful blindness to Gucci's rights for the purpose of trading on the goodwill and reputation of Gucci. If the Defendants' intentional counterfeiting and infringing activities are not temporarily, preliminarily and permanently enjoined by this Court, Gucci and the consuming public will continue to be damaged.

21. The Defendants' above identified infringing activities are likely to cause confusion, deception and mistake in the minds of consumers, the public and the trade. Moreover, the Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public and the trade into believing there is a connection or association between Gucci's genuine goods and the Defendants' Counterfeit Goods.

22. Gucci has no adequate remedy at law.

23. Gucci is suffering irreparable injury and has suffered substantial damages as a result of the Defendants' counterfeiting and infringing activities.

24. The injuries and damages sustained by Gucci have been directly and proximately caused by the Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of their Counterfeit Goods.

## COUNT I - TRADEMARK COUNTERFEITING AND INFRINGEMENT

25. Gucci hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 24 above.

26. This is an action for trademark counterfeiting and infringement against the Defendants based on their promotion, advertisement, distribution, sale and/or offering for sale of the Counterfeit Goods bearing the Gucci Marks.

27. Specifically, Defendants are promoting and otherwise advertising, selling, offering for sale and distributing shoes bearing counterfeits and infringements of the Gucci Marks. The Defendants are continuously infringing and inducing others to infringe the Gucci Marks by using them to advertise, promote and sell counterfeit shoes.

28. Defendants' counterfeiting and infringing activities are likely to cause confusion, mistake and deception among members of the general consuming public as to the origin and quality of Defendants' Counterfeit Goods bearing the Gucci Marks.

29. The Defendants' are earning a profit from their sales of goods bearing counterfeits and infringements of the Gucci Marks.

30. Defendants' above-described illegal actions constitute counterfeiting and infringement of the Gucci Marks in violation of Gucci's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

31. Gucci has suffered and will continue to suffer irreparable injury due to the above described activities of the Defendants if the Defendants are not permanently enjoined.

## COUNT II - FALSE DESIGNATION OF ORIGIN
## PURSUANT TO § 43(a) OF THE LANHAM ACT

32. Gucci hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 24 above.

33. The Defendants' Counterfeit Goods bearing and sold under the Gucci Marks have been widely advertised via a wholesale business and online, and distributed throughout the United States.

34. The Defendants' Counterfeit Goods bear and are sold under the Gucci Marks in competition with Gucci's genuine goods. However, the Counterfeit Goods are different and likely inferior in quality compared to Gucci's genuine goods. Accordingly, the Defendants' activities are likely to cause confusion in the trade and among the general public as to at least the origin or sponsorship of the Counterfeit Goods.

35. The Defendants, upon information and belief, have used in connection with their sale of Counterfeit Goods, false designations of origins and false descriptions and representations, including words or other symbols which tend to falsely describe or represent such goods and have caused such goods to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to the detriment of Gucci.

36. Specifically, the Defendants have authorized an infringing use of the Gucci Marks, in the Defendants' advertisement and promotion of their footwear products. Through their use of the Gucci Marks, the Defendants have misrepresented to members of the consuming public that the Counterfeit Goods being advertised and sold by them are affiliated with Gucci.

37. The Defendants' above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

38. Gucci has sustained injury caused by Defendants' conduct, and absent an entry of an injunction by this Court, Gucci will continue to suffer irreparable injury to their goodwill and business reputation as well as monetary damages. Moreover, the Defendants have wrongfully earned profits through their sale of goods bearing Gucci Marks, and those profits should be paid over to Gucci.

## COUNT III - COMMON LAW TRADEMARK INFRINGEMENT

39. Gucci hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 38 above.

40. Plaintiff is the owner of all common law rights in and to the Gucci Marks.

41. This is an action for common law trademark infringement against the Defendants based on their promotion, advertisement, offering for sale, and sale of their Counterfeit Goods bearing the Gucci Marks.

42. Specifically, Defendants, upon information and belief, are manufacturing, promoting and otherwise advertising, distributing, offering for sale, and selling goods bearing infringements of the Gucci Marks.

43. Defendants infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods bearing the Gucci Marks.

44. Gucci has no adequate remedy at law and is suffering damages and irreparable injury as a result of Defendants' actions.

## COUNT IV - COMMON LAW UNFAIR COMPETITION

45. Gucci hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 44 above.

46. This is an action against Defendants based on their (i) promotion, advertisement, distribution, sale, and/or offering for sale of goods bearing marks which are identical to the Gucci Marks in violation of Florida's common law of unfair competition.

47. Specifically, Defendants are promoting and otherwise advertising, selling, offering for sale and distributing infringing and goods bearing counterfeits of the Gucci Marks. Defendants are using counterfeits and infringements of the Gucci Marks to unfairly compete with Gucci via a wholesale business and the World Wide Web.

48. Defendants' infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' products by their use of the Gucci Marks.

49. Gucci has no adequate remedy at law and is suffering irreparable injury and damages as a result of Defendants' actions.

## PRAYER FOR RELIEF

50. WHEREFORE, Gucci demands judgment against the Defendants, jointly and severally, as follows:

   a. Entry of a permanent injunction enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Counterfeit Goods; from infringing, counterfeiting, or diluting the Gucci Marks; from using the Gucci Marks, or any mark or trade dress similar

9

thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name or trademark or trade dress which may be calculated to falsely advertise the services or products of the Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with Gucci; from falsely representing themselves as being connected with Gucci, through sponsorship or association, or engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of the Defendants, are in any way endorsed by, approved by, and/or associated with Gucci; from using any reproduction, counterfeit, copy, or colorable imitation of the Gucci Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by the Defendants, including, without limitation, shoes and other goods; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendants' goods as being those of Gucci, or in any way endorsed by Gucci and from offering such goods in commerce; and from otherwise unfairly competing with Gucci.

    b. Entry of an Order requiring Defendants to account for and pay Gucci for all profits and damages resulting from Defendants' trademark infringing and counterfeiting activities and that the award to Gucci be trebled, as provided for under 15 U.S.C. §1117, or, at Gucci's election with respect to Count I, that Gucci be awarded statutory damages from the Defendants in the amount of two million dollars ($2,000,000.00) per each counterfeit Gucci Mark used and product type sold, as provided by 15 U.S.C. §1117(c)(2) of the Lanham Act.

    c. Entry of an Order awarding Gucci pre-judgment interest on its judgment amount.

    d.  Entry of an Order awarding Gucci its costs and reasonable attorneys' fees and investigators' fees associated with bringing this action.

    e.  Entry of an Order awarding Gucci such other and further relief as the Court may deem just and proper.

DATED: January 6, 2017.      Respectfully submitted,

              STEPHEN M. GAFFIGAN, P.A.

              By: _____*s:/Stephen M. Gaffigan*_____
              Stephen M. Gaffigan (Fla. Bar No. 025844)
              Virgilio Gigante (Fla. Bar No. 082635)
              401 East Las Olas Blvd., Suite 130-453
              Ft. Lauderdale, Florida 33301
              Telephone: (954) 767-4819
              Facsimile: (954) 767-4821
              E-mail: Stephen@smgpa.net
              E-mail: Leo@smgpa.net

              Attorneys for Plaintiff,
              Gucci America, Inc.